*In re* McGarry's Estate.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   In reviewing a judgment for defendant entered on a directed verdict, full credit should be given to plaintiff's evidence.

2. WILLS — NUNCUPATIVE WILL — STATUTES—MEMBER OF MARINE CORPS ATTENDING TRAINING SCHOOL NOT WITHIN EXCEPTION OF STATUTE.
   A member of the marine corps of the United States military forces, who was attending a training school for officers on shore at the time he is alleged to have made a nuncupative will, was not, as matter of law, either in actual military service or a mariner on shipboard, within the meaning of 3 Comp. Laws 1915, § 11822, and therefore said alleged will was void.

Error to Wayne; Murphy (Alfred J.), J.    Submitted January 11, 1928.    (Docket No. 82.)    Decided April 3, 1928.    Rehearing denied June 5, 1928.

Madeleine Lea McGarry, an infant, by her guardian, presented for probate an alleged nuncupative will of John J. McGarry, deceased: On petition of Elizabeth McGarry the proceedings were certified to the circuit court.    Judgment for contestant on a directed verdict. Proponent brings error.    Affirmed.

*Atkinson, O'Brien & Clark* (*M. Hubert O'Brien* and *Frank J. Ortman,* of counsel), for appellant.

*Donnelly, Hally, Donnelly & Munro,* for appellee.

CLARK, J.    Proponent seeks to establish the existence of a nuncupative will of John J. McGarry, deceased.    The cause was certified from the probate

---

[1]Appeal and Error, 4 C. J. § 2709; [2]Wills, 40 Cyc. pp. 1133, 1134.

court to the circuit court, where proponent suffered adverse verdict directed by the court, and she brings error.   The decisive question is directing a verdict.

In April, 1917, McGarry, not living with his wife, the proponent, and their child, whom she here represents as guardian, enlisted in the marine corps.   He applied for and was granted a policy of war risk insurance in which he named his mother beneficiary and which policy was forwarded to her.   The controversy relates to the insurance.

Proponent's evidence to prove a will has some inherent weakness and in some respects is flatly contradicted, but, as verdict was directed against her, we, under the rule, give such evidence full credit for the purposes of this opinion.

In the summer of 1918, McGarry, while attending a training school for officers at Quantico, was chatting with other members of the corps on a street in Washington, and said to one of them that he wanted his daughter to get the insurance.   In August, 1918, McGarry, on leave of absence, visited his parents in Detroit and called at the office of his attorney who then was acting for him in a proceeding for divorce which he had instituted.   While there he said to the attorney that he wanted the daughter to have the insurance.

He was discharged from the service in August, 1919, returned to Detroit and to the home of his parents in poor health, which continued until his death in May, 1920.

The statement made on the street in Washington and repeated in the office of his attorney in Detroit is urged as the nuncupative will.

The statute (3 Comp. Laws 1915, §§ 11820, 11821, 11822) :

"Every person of full age and sound mind, may, by his last will and testament, in writing, bequeath and dispose of all his personal estate remaining at his de-

cease, and all his rights thereto, and interest therein, and all such estate, not disposed of by the will, shall be administered as intestate estate.

"No will made within this State, except such nuncupative wills as are mentioned in the following section, shall be effectual to pass any estate, whether real or personal, nor to charge or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses; and if the witnesses are competent at the time of attesting the execution of the will, their subsequent incompetency, from whatever cause it may arise, shall not prevent the probate and allowance of the will, if it be otherwise satisfactorily proved.

"Nothing contained herein shall affect the validity of a nuncupative will, in which the value of the estate bequeathed shall not exceed three hundred dollars, provided the same shall be proved by two competent witnesses; *nor prevent any soldier, being in actual military service, nor any mariner, being on shipboard, from disposing of his wages and other personal estate by a nuncupative will, as he might heretofore have done.*"

The portion of the last section, most important here, is printed in italics.

In a noteworthy and well-considered charge, the trial judge commented that by Federal statutes the marine corps is subject to the laws and regulations established for the government of the navy, except when detached for service with the army by order of the president, and that the record does not indicate that the marine corps had been detached from the navy by presidential order.

Upon the showing by the record of the peculiar service and duties of the marine corps it may be doubted that they may be classed as mariners in the technical or dictionary sense, as stated by counsel, but in the broader view they may be entitled to be so

classed while on shipboard under orders.    It is clear, as held by the trial judge, that at the time in question McGarry was not a mariner on shipboard.

We further agree with the trial judge that on this record proponent is entitled to further determination on the other branch of the statute of whether, at the time of making the averred will, McGarry was in "actual military service." The exception of the statute in favor of the soldier above italicized is founded on the necessity of the case. Were it not for the necessity there would be no exception. And the courts have had this in mind in applying the statute to the facts of a case, in determining "actual military service," and the quoted words have been held to designate a service "on an expedition," *Gould* v. *Safford's Estate*, 39 Vt. 498; "when in the enemy's country performing military service," *VanDeuzer* v. *Gordon's Estate*, 39 Vt. 111; *Leathers* v. *Greenacre*, 53 Me. 561; while "exposed to the perils incident to actual warfare," *Pierce* v. *Pierce*, 46 Ind. 86; and when "about to embark upon a journey to a foreign land to take part in a war," *In re Stein's Will*, 194 N. Y. Supp. 909. Many other cases are cited by counsel in the excellent briefs, but we think it unnecessary to discuss them.

The necessity for this exception in favor of the soldier respecting wills is found in the stress, peril, urgency, and travail attending his being in actual warfare, his actual going into war or "on an expedition," his being in military service in the enemy's country, his being on the eve of embarkation and the like, and the lack of reasonable time, opportunity, and means for putting the will into form and in writing.

In the instant case there was not actual military service within the contemplation of the statute. See *Leathers* v. *Greenacre, supra; Pierce* v. *Pierce, supra.*

McGarry had no order for embarkation, was not about to embark, or to go on an expedition. He was

not in actual warfare, nor in the enemy's country. When he, stationed as stated, was chatting with fellow soldiers on the street in Washington, and when he, on leave, was consulting his attorney in his office in Detroit, he was not in actual military service, and, within the purview of the statute, the circumstances did not deny to him reasonable time, opportunity, and means to make a formal will in writing.

· No other question requires discussion.

Judgment affirmed.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.